UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEROY BROWN,

                     Petitioner,

           07 Civ. 8672 (RMB) (AJP)

      - against -

           **DECISION & ORDER**

KENNETH S. PERLMAN, Superintendent,
Mid-State Correctional Facility,

                    Respondent.
------------------------------------------------------------X

### I. Background

On or about September 11, 2007, Leroy Brown ("Petitioner" or "Brown"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") against Kenneth S. Perlman, Superintendent of the Mid-State Correctional Facility ("Respondent"). Petitioner challenges his April 2, 2004 conviction, following a jury trial, in New York Supreme Court, New York County, of one count of assault in the second degree in violation of New York Penal Law § 120.05 (2). (Petition at 2, 3.) On April 2, 2004, Petitioner was sentenced to five years of imprisonment. (Petition at 1.) On May 23, 2006, the Appellate Division, First Department, unanimously affirmed Petitioner's conviction, holding that the Petitioner "was not entitled to a new trial based on a juror's postverdict admission that defense counsel had represented him many years before" and "the [trial] court properly declined to submit third-degree assault as a lesser included offense." People v. Brown, 29 A.D.3d 443, 443-44, 815 N.Y.S.2d 84, 84 (1st Dep't 2006). On September 21, 2006, the New York State Court of Appeals denied leave to appeal. People v. Brown, 7 N.Y.3d 846, 857 N.E.2d 70, 823 N.Y.S.2d 775 (2006). On October 5, 2007, the Appellate Division, First Department, denied Petitioner's motion for a Writ of Error Coram Nobis. (Petition at 3.)

1

On May 8, 2008, Magistrate Judge Andrew J. Peck, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that the Court deny the Petition because, among other reasons, (1) Petitioner's "claim that the trial court erred in commencing the juror disqualification hearing without defense counsel present is [procedurally] barred"; (2) Petitioner's "claim that the trial court failed to charge a lesser included offense does not state a federal constitutional claim"; (3) Petitioner's "prosecutorial misconduct and juror misconduct claims are procedurally barred"; and (4) Petitioner's "ineffective assistance of trial counsel claim[] should be denied" because it "could have been raised on direct appeal, but was not." (Report at 32, 38, 40, 60, 68.)

The Report instructed that "pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections." (Report at 83.) To date, neither party has submitted objections.

**For the reasons set forth below, the Report is adopted in its entirety and the Petition is dismissed.**

## II.  Standard of Review

The Court may adopt those sections of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). Where, as here, a petitioner is proceeding pro se, the Court will "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. Analysis

The Court has conducted a review of the Report and applicable legal authorities and finds that Judge Peck's determinations and recommendations are neither clearly erroneous nor contrary to law and, in fact, are supported by the law in all respects. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

#### (1) Exclusion of Defense Counsel

Judge Peck properly concluded that defense counsel's "failure to object when [he] arrived at the hearing deprived the trial judge of the opportunity to cure any error—the purpose of the contemporaneous objection rule, C.P.L. § 470.05(2)." (Report at 38); see also Franco v. Walsh, 73 Fed. Appx. 517 (2d Cir. 2003). Petitioner's claim also fails because he failed to "initially . . . raise his legal claims on appeal rather than on postconviction review," and he does not "show cause for the procedural default or prejudice." Murray v. Carrier, 477 U.S. 478, 485, 490 (1986).

#### (2) Lesser Included Offense

Judge Peck correctly determined that "habeas relief [is] unavailable for a failure to charge a lesser included offense in non-capital cases." (Report at 38, 39); see also Jones v. Hoffman, 86 F.3d 46, 48 (2d Cir. 1996); Durden v. Greene, 492 F. Supp. 2d 414, 423 (S.D.N.Y. 2007) ("It cannot be said that there is a clearly established right under federal law to the submission of lesser included offenses in non-capital cases.").

#### (3) Prosecutorial and Juror Misconduct Claims

Judge Peck properly held that these claims "were not presented to the New York Court of Appeals and thus are unexhausted." (Report at 40, 43); see also Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994).

Moreover, Petitioner does not "demonstrate that the prosecutor engaged in any misconduct" that resulted "in the denial of [his] right to fair trial," (Report at 56); see also Greer v. Miller, 483 U.S. 756, 765 (1987), and the alleged misconduct did not cause Petitioner "substantial prejudice . . . as to make the resulting conviction a denial of due process," United States v. Elias, 285 F.3d 183, 190 (2d Cir. 2002).

Petitioner's juror misconduct claim also fails because the "juror's prior relationship with defense counsel did not prejudice [Petitioner] or otherwise compromise the fairness of the trial." (Report at 56); see also Knapp v. Leonardo, 46 F.3d 170, 176 (2d Cir. 1995) ("[a] trial court's findings of impartiality [may] be overturned only for manifest error").

**(4) Ineffective Assistance of Counsel Claim**

Judge Peck correctly determined that Petitioner failed "[to raise] this claim on direct appeal." (Report at 66); see also Otero v. Stinson, 51 F. Supp. 2d 415, 419 (S.D.N.Y. 1999). Even if this claim were not procedurally barred, Petitioner failed to demonstrate that trial counsel violated the standards set forth in Strickland. (Report at 60); see Strickland v. Washington, 466 U.S. 668 (1984). And, Petitioner's ineffective assistance of appellate counsel claim fails because that claim "depends on the merits of his ineffective trial counsel claim." (Report at 71); see also Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001).

IV.    **Certificate of Appealability**

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing, and a certificate of appealability is neither warranted nor appropriate. Any appeal from this Decision & Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

## V.  Conclusion and Order

For the reasons stated herein and therein, the Court adopts the Report in its entirety and denies the Petition. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
June 23, 2008

_____
RICHARD M. BERMAN, U.S.D.J.